IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:97CR296-16-V
CIVIL DOCKET NO.: _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DOUGLAS WAYNE MERCK, | ) | |
| Defendant / Petitioner. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon Defendant's "Motion To Modify And Reduce Petitioner's Term Of Imprisonment Pursuant To 18 U.S.C. §3582(c)(2)." (Document #372)

On March 15, 1999, this Court sentenced Defendant to 92 months imprisonment for violating 21 U.S.C. § 846. Judgment was entered on April 4, 1999. Defendant did not appeal his conviction and sentence. On August 16, 1999, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence. (*See WDNC Civil Docket No.: 5:99CV123-V*). On August 21, 2001, this Court dismissed Petitioner's Motion to Vacate. The Fourth Circuit issued an unpublished *per curiam* opinion on November 21, 2001, upholding the Court's ruling.

Petitioner has now filed a document pursuant to 18 U.S.C. §3582(c)(2) challenging his sentence and conviction based upon the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004).[1] More specifically, Defendant challenges the

---

[1] Since Defendant's filing, on January 12, 2005, the U.S. Supreme Court announced its decision in United States v. Booker / Fanfan, 125 S.Ct. 738 (2005). In Booker, the Supreme Court held in part that certain mandatory provisions of the United States Sentencing

following "enhancements" to his federal sentence: 1) application of a weapon enhancement; 2) drug quantity; and 3) consideration of relevant conduct. With the exception of the relevant conduct argument, Defendant objected to these very issues within his original Section 2255 petition. (*See* Document #323, at 8-9.)

A review of Defendant's filing reveals that it is most properly construed as a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[2] However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. §2255. Because this is Defendant's *second* Motion To Vacate, Set Aside, Or Correct Sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.[3]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1) The Deputy Clerk is directed to treat this motion as a Motion to Vacate, Set Aside, or Correct Sentence and file a copy of this Order within the civil case number assigned; and

---

Guidelines were unconstitutional. The Supreme Court found that portions of the guidelines should be considered as merely "advisory" by federal sentencing judges.

[2] This Court finds that the Court of Appeals for the Fourth Circuit's recent decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

[3] Moreover, even if Defendant's filing were not deemed successive, Booker has not been recognized as retroactive by the Supreme Court. United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker).

2) Petitioner's Motion To Modify And Reduce Sentence Pursuant To 18 U.S.C. §3582(c)(2), which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is **DISMISSED** *without prejudice* as successive.

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge